IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| ROWAN FAMILY DENTISTRY, INC., a Mississippi corporation, and **MARTIN CHIROPRACTIC, LLC,** a Mississippi corporation, <br><br>**Plaintiffs,**<br><br>v.<br><br>**MEDICAL SYNERGY, INC.** an Arizona corporation,<br><br>**Defendant.** | Civil Action No. 3:18-CV-116-NBB-JMV<br>**JURY DEMAND**<br><br>**CLASS ACTION COMPLAINT** |

## CLASS ACTION COMPLAINT

**COME NOW**, Rowan Family Dentistry, Inc. (hereinafter "Rowan Family Dentistry") and Martin Chiropractic, LLC (hereinafter "Martin Chiropractic"), and hereby file this Class Complaint against Medical Synergy, Inc. (hereinafter "Defendant" or "Medical Synergy") seeking damages and injunctive relief pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 221, as amended by the Junk Fax Prevention Act of 2005 (hereinafter "the Act"), and allege the following:

### I.    PARTIES

1. Plaintiff Rowan Family Dentistry is a corporation organized and validly existing under the laws of Mississippi, and located in New Albany, Union County, Mississippi. Plaintiff Rowan Family Dentistry employs licensed dentists and trained dental staff to provide dental services to patients in Union County, Mississippi.

2. Plaintiff Martin Chiropractic is a corporation organized and validly existing under the laws of Mississippi, and located in New Albany, Union County, Mississippi. Plaintiff Martin Chiropractic employs a licensed chiropractor and staff to provide chiropractic services to patients in Union County, Mississippi.

3. Defendant Medical Synergy is a company that sells Patient Management Systems, software systems designed to generate and manage patients for medical and dental businesses. According to information and belief, Defendant Medical Synergy has its principal place of business in Phoenix, Maricopa County, Arizona, and is organized under the laws of Arizona.

4. Upon information and belief, Defendant's primary activities involve the development and sale of medical, dental, and hospital equipment, including patient medical software systems. Defendant Medical Synergy conducts and solicits business in Mississippi.

## II. JURISDICTION AND VENUE

5. This Honorable Court has jurisdiction over the subject matter of the federal claims asserted herein pursuant to 28 U.S.C. §1331 (federal question), and pursuant to the Act.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the claim occurred in this District.

7. Defendant has purposely availed itself of this Honorable Court by conducting activities in this forum- namely sending unsolicited facsimiles to Plaintiffs and to putative class members.

## III. BACKGROUND

8. In 2009, the Junk Fax Prevention Act was signed into law, and served to amend the Telephone Consumer Protection Act of 1991, to prohibit fax transmissions containing unsolicited advertisements.

9. Specifically, the Act makes it unlawful for Defendant to use any telephone facsimile

machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

10. An unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. §227(a)(5).

11. Numerous courts have held that individuals acting on behalf of a corporation may be held personally liable for violations of the Act where they had direct, personal participation in, or personally authorized, the conduct found to have violated the Act, or where they set company policy and oversaw day-to-day operations that violated the Act.

12. The Act provides a private right of action to enforce its provisions. 47 U.S.C. §227(b)(3).

## IV. FACTUAL OVERVIEW

13. According to information and belief, Defendant utilizes "fax blasting" activities to generate sales leads for its products and as part of a scheme to sell or promote the sale and use of its products, including its IDMA Program, a dental/medical software program designed to increase patient business to dental and medical offices.

14. Defendant's "fax blasting" activities include the transmission of thousands of unsolicited facsimiles throughout the country, including to facsimile machines located in the State of Mississippi, in an intentional and persistent course of conduct, to Plaintiffs and the putative class members.

15. Defendant's wrongful activities also include the transmission of thousands of facsimiles throughout the country which failed to provide any "opt-out" language, as explicitly required by the TCPA, including to telephone facsimile machines located in the State of Mississippi.

16. Said activities, directed to Plaintiffs' facsimile machines and other facsimile machines

nationally, have violated certain provisions of the TCPA.

17. On July 12, 2017, Defendant faxed an advertisement to Plaintiff Rowan Family Dentistry, annexed hereto and incorporated herein as Exhibit 1, advertising its dental and medical practice management software, and specifically advertising the commercial availability of Defendant's product, the IDMA Program. The fax promotes the sale of Defendant's IDMA Program to recipients, like Plaintiff Rowan Family Dentistry. Specifically, Defendant makes the following representations in the facsimile sent to Plaintiff: (1) "[t]he patient generation feature that is included with the IDMA Program is the best we have ever seen"; (2) "[o]ne to two new patient shows each day are generated through their Patient Generation System"; (3) IDMA has "a significant 'social media' operation but [that] an equal number of referrals are generated from Medical Doctors in [Plaintiff's] area who are educated on why certain patients should be referred to the Regional IDMA Dentist;" and (4) that "[t]here is never any out of pocket expenses to be involved". Defendant also supplies an access code and websites for the recipient of the fax to contact to learn more information about the Defendant's product. As such, Defendant's facsimile was sent for explicitly commercial purposes.

18. On August 22, 2017, Defendant faxed an advertisement to Plaintiff Martin Chiropractic, annexed hereto and incorporated as Exhibit 2, advertising the commercial availability of Defendant's product, namely a "program that can seamlessly increase the revenue generated from the cash based 'Wellness' and/or 'Weight Loss' program you offer by more than $500,000 a year." As such, Defendant's facsimile was sent for explicitly commercial purposes.

19. On October 2, 2017, Defendant faxed an advertisement to Plaintiff Martin Chiropractic, annexed hereto and incorporated as Exhibit 3, advertising the commercial availability of Defendant's product, namely the CAS Testing product line and touted that "We have been in this

business for over 20 years and we have heard all of the 'blue sky' and 'inflated claims.' The numbers produced through CAS Testing, however are very real." As such, Defendant's facsimile was sent for explicitly commercial purposes.

20. On October 9, 2017, Defendant faxed an advertisement to Plaintiff Martin Chiropractic, annexed hereto and incorporated as Exhibit 4, advertising the commercial availability of Defendant's product, namely the CAS Testing product line and touted that by purchasing their CAS Testing Product, Plaintiff Martin Chiropractic could realize an "additional $500,000 a year" in revenue. As such, Defendant's facsimile was sent for explicitly commercial purposes.

21. On January 29, 2018, Defendant faxed an advertisement to Plaintiff Rowan Family Dentistry, annexed hereto and incorporated as Exhibit 5, advertising the commercial availability of Defendant's services, namely the provision of new patient referrals.

22. On March 19, 2018, Defendant faxed an advertisement to Plaintiff Rowan Family Dentistry, annexed hereto and incorporated as Exhibit 6, advertising the commercial availability of Defendant's services, namely the provision of new patient referrals.

23. As a result of Defendant's unlawful issuance of facsimiles to Plaintiffs and putative class members, Plaintiffs and putative class members have suffered actual damages, in addition to statutory damages, as the conduct has intruded upon and occupied the capacity of their facsimile machines, depriving them of use of said machines, and forcing them to unnecessarily expend funds for paper and ink.

## V. PLAINTIFFS' CLASS ALLEGATIONS

24. Plaintiffs adopt and incorporate herein by reference all allegations contained hereinabove.

25. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of themselves and a Class of similarly situated individuals, defined as follows:

Any and all individuals and entities, who or which, from 2014 to the present, received one or more facsimiles advertising the IDMA or CAS Testing line, or received one or more facsimiles advertising referral leads from the Defendant[1].

26. The class is ascertainable. Specifically, it is manageable and administratively feasible to determine the companies and individuals to which Defendant issued the facsimiles.

27. The members of the Class are so numerous that joinder of all members is impracticable.

28. The Plaintiffs' treatment by the Defendant and manner of injury is typical of the members of the Class. Specifically, the Plaintiffs are (1) recipients of unsolicited commercial advertisements from the Defendant; and (2) have suffered injuries recognized by statute as a result of receiving said unsolicited commercial advertisements.

29. The Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel who are competent and experienced in class litigation. The Plaintiffs have no interests that are adverse or antagonistic to the Class.

30. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Since the statutory damages suffered by many Class members may be small (namely $500 per violation), the expense and burden of individual litigation makes it virtually impossible for the Class members individually to seek redress for the wrongful conduct alleged. The Act's intent to penalize abusive practices via telemarketing and unsolicited "junk faxing", as documented in the legislative record, is realized through the class action mechanism in this matter.

31. Common questions of law or fact exist as to all members of the Class, and predominate

---

[1] Plaintiffs reserve the right, if necessary, to amend or alter the class definition upon completion of discovery and notes "precedent ... counsels that the parties' pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified". *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008).

over any questions that only affect individual members of the Class. Among the questions of law or fact common to the Class are:

    a.    Whether Defendant is in violation of the Act?; and

    b.    Whether Class members were recipients of unsolicited advertisements via facsimile?

32. The Plaintiffs know of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

33. Notice can be provided to the Class members via First Class U. S. mail, notice by publication, facsimile notice, e-mail notice, or other appropriate means as may be directed by the Court.

## COUNT I
## DEFENDANT'S VIOLATION OF THE
## THE ACT- UNSOLICITED FACSIMILES AND FAILURE TO INCLUDE AN OPT-OUT PROVISION

34. Plaintiffs adopt and incorporate herein by reference all allegations contained hereinabove.

35. The Act makes it unlawful for Defendant to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

36. Defendant did not have an Established Business Relationship (hereinafter "EBR"), as that term is defined by the Federal Communications Commission or in the Act, with either of the Plaintiffs. A true and correct copy of the Unsolicited Facsimiles received by Plaintiffs are annexed hereto as Exhibits A through D.

37. Said transmissions of the Unsolicited Facsimiles, as provided for in Exhibits A through

7

D. were made without the consent of the Plaintiffs, and according to information and belief, without the assent of the putative class members.

38. According to information and belief, Defendant's facsimile machines, computers, and other devices are utilized to send unsolicited and unauthorized promotions to putative class members across the United States to secure sales within the United States, including within the State of Alabama.

39. As a result of said conduct, Plaintiff and putative class members are entitled to statutory damages for each TCPA violation pursuant to 47 U.S.C §227(b)(3).

40. Defendant's actions, and/or those of its agents, have shown that Defendant willfully or knowingly violated the TCPA. As such, Plaintiffs and putative class members are entitled to treble statutory damages pursuant to 47 U.S.C. §227(3)(c). Plaintiffs and putative class members are also entitled to the creation of a Defendant-funded and Court-supervised, whether by the Court or a master appointed thereby, monitoring and compliance mechanism to ensure Defendant's compliance with the Act.

## COUNT II
## DECLARATORY JUDGMENT

41. Plaintiffs adopt and incorporate each and every allegation set forth above as if fully set forth herein.

42. Defendant has engaged in the practice of sending or causing to be sent unsolicited advertisements via telephone facsimile machine, computer, or other device to a telephone facsimile machine owned and controlled by Plaintiffs and others similarly situated.

43. There is a substantial and continuing controversy between Defendant and Plaintiffs, and

8

all others similarly situated, and a declaration of rights is both necessary and appropriate as to whether or not Defendant's faxes violate the Telephone Consumer Protection Act, and the regulations and rules enacted thereunder.

## COUNT III
## INJUNCTION

44. Plaintiffs adopt and incorporate each and every allegation set forth above as if fully set forth herein.

45. Defendant's practice of sending, or causing to be sent, unsolicited advertisements via telephone facsimile machine, computer, or other device to a telephone facsimile machine, computer, or other device owned and controlled by Plaintiffs, and other similarly situated individuals and/or entities, will continue to cause Plaintiffs and others similarly situated to be damaged by causing the computer, facsimile machine, or other device to be rendered unavailable for legitimate business messages or facsimiles, to cause Plaintiffs and others similarly situated to waste time reviewing Defendant's unsolicited advertisement, as well as wasting materials of Plaintiffs and others similarly situated, such that final injunctive relief prohibiting Defendant's practice of sending, or causing to be sent, unsolicited advertisements is appropriate.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs respectfully pray that this Honorable Court will take jurisdiction of this cause and upon the final hearing:

A.    Certify this matter as a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure;

B.    Declare that the Defendant's practice of sending unsolicited facsimiles to telephone facsimiles nationwide is in violation of the Act;

C.    Award to the Plaintiffs, and putative class members, damages under the Act, or other such applicable laws;

D.  Award to the Plaintiffs, and putative class members, the cost of this matter, including reasonable attorneys' fees;

E.  Issue a permanent injunction enjoining the Defendant from sending facsimiles in a nature which is violative of the Act; and

F.  Award to the Plaintiffs and the putative class members such other, further and more general relief, as the Court may deem appropriate under these circumstances.

Respectfully submitted this the 18th day of May, 2018.

/s/ L.N. Chandler Rogers
L.N. Chandler Rogers

**OF COUNSEL:**
L.N. Chandler Rogers
**ROGERS LAW GROUP**
201 E Bankhead Street
New Albany, Mississippi 38652
T: 662-538-5990
F: 662-538-5997
E: chandler@rogerslawgroup.com
MS Bar ID: 102543

Winston B. Collier
**THE COLLIER FIRM**
2090 Old Taylor Road
Oxford, Mississippi 38655
T: 870-347-2100
F: 870-347-1164
E: winston@thecollierfirm.com
MS Bar ID: 105461

Gregory M. Zarzaur
**ZARZAUR MUJUMDAR & DEBROSSE-TRIAL LAWYERS**
2332 2nd Avenue North
Birmingham, Alabama 35203
T: 205-983-7985
F: 888-505-0523
E: Gregory@zarzaur.com
MS Bar ID: 100207

## SERVE BY CERTIFIED MAIL

Medical Synergy, Inc.
c/o Incorp Services, Inc.
2338 W. Royal Palm Road, Ste. J
Phoenix, AZ 85021-9339

/s/ L.N. Chandler Rogers
L.N. Chandler Rogers